UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| CANDACE FALLER, | ) | |
| | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | 2:21-cv-00063-GZS |
| | ) | |
| TWO BRIDGES REGIONAL JAIL, | ) | |
| | ) | |
|     Defendant | ) | |

**ORDER ON MOTION TO AMEND ANSWER TO COMPLAINT**

Defendant seeks leave to amend its answer to Plaintiff's complaint to assert, as an affirmative defense, that federal or state law limits Plaintiff's recoverable damages. (Motion, ECF No. 24.) Defendant filed the motion following the recent decision in *Bell v. O'Reilly Auto Ent., LLC*, No. 1:16-cv-00501-JDL, 2022 WL 782784, at *1 (D. Me. Mar. 15, 2022), in which the Court determined that the damages limitations of the Americans with Disabilities Act and the Maine Human Rights Act must be asserted as an affirmative defense. Plaintiff asks the Court to deny the motion because, according to Plaintiff, the statutory limitations involved in *Bell* do not apply in this case and the proposed affirmative defense is too vague. (Opposition, ECF No. 25.)

Defendant does not argue that a statutory damage limitation in fact applies. The Court perceives Defendant's motion as Defendant's attempt, given the decision in *Bell*, to preserve its ability to argue at trial that a damage limitation applies depending on the nature of Plaintiff's claim.

Defendant's desire to avoid a waiver argument and Plaintiff's concern that Defendant's motion suggests a recovery limitation that does not apply are understandable. Because of the recency of the *Bell* decision, because the Court discerns no prejudice to Plaintiff if the Court allows the amendment without a determination that a statutory limitation applies to Plaintiff's potential recovery, and because a court is to grant leave to amend "freely" when "justice so requires," Fed. R. Civ. P. 15(a)(2), the Court grants Defendant's motion. The Court's decision, however, shall not be construed as a determination that Plaintiff's potential recovery is subject to a statutory limitation. If at the time of the final pretrial conference, Defendant maintains that a statutory limitation applies, the Court will consider the parties' arguments on the merits and determine whether a limitation applies.

Defendant shall file the amended answer on or before May 24, 2022.

## **NOTICE**

Any objections to this order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U. S. Magistrate Judge

Dated this 17th day of May, 2022.