UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CANDACE FALLER,<br><br>   Plaintiff,<br><br>v.<br><br>TWO BRIDGES REGIONAL JAIL,<br><br>   Defendant. | )<br>)<br>)<br>)<br>) Docket no. 2:21-cv-00063-GZS<br>)<br>)<br>)<br>)<br>) |

**ORDER ON MOTION IN LIMINE**
**RE: EMOTIONAL DISTRESS DAMAGES**

Before the Court is Defendant's Motion in Limine to Exclude Emotional Distress Damages (ECF No. 62). For reasons briefly explained herein, the Court GRANTS the Motion.

In its prior ruling denying Defendant's Motion for Summary Judgment, the Court noted:

> While the parties have not expressly briefed the limits of any compensatory damage award, the Court notes that the Supreme Court recently held that "emotional distress damages are not recoverable" under the Rehabilitation Act. See Cummings v. Premier Rehab Keller, P.L.L.C., 142 S. Ct. 1562, 1576 (2022). It is likely that this limitation on compensatory damages extends to Plaintiff's ADA claim as well. See 42 U.S.C. § 12133 (limiting remedies under Title II to those available under 29 U.S.C. § 794a); see also, e.g., Gillette v. Oregon., No. 3:20-cv-00513-IM, 2022 WL 2819057, at *7 n.5 (D. Or. July 19, 2022).

Faller v. Two Bridges Reg'l Jail, No. 2:21-CV-00063-GZS, 2022 WL 3017337, at *4 n.8 (D. Me. July 29, 2022). Now, before this matter proceeds to trial, Defendant argues that Cummings should foreclose Plaintiff from presenting "evidence of emotional distress damages." (Def. Mot. (ECF No. 62), PageID # 1106.) In response, "Plaintiff concedes that Cummings forecloses her ability to recover emotional distress damages for her Rehab Act claims" but insists that limitation "does not extend" to her claim under Title II of the ADA. (Pl. Response (ECF No. 64), PageID # 1111.)

In Cummings, the Supreme Court expressly held that "emotional distress damages are not recoverable under . . . Spending Clause antidiscrimination statutes." 142 S. Ct. at 1576. As Plaintiff correctly notes, "Title II of the ADA is not a Spending Clause statute." (Pl. Response, PageID # 1115.) Instead, Title II of the ADA falls into the category of "ordinary legislation, which 'imposes congressional policy' on regulated parties 'involuntarily.'" Cummings, 142 S. Ct. at 1570 (quoting Pennhurst State Sch. & Hosp. v. Halderman, 451 U.S. 1, 16-17 (1981)). However, the plain language of Title II explicitly limits remedies to those available under the Rehabilitation Act. See 42 U.S.C. § 12133. Thus, while the Supreme Court in Cummings may have framed the limitation on emotional distress damages as only applying to Spending Clause statutes, the plain statutory language of § 12133 reflects a congressional policy that the remedies under the Rehabilitation Act "shall be" the remedies available under Title II of the ADA. Given this language, the Court concludes that Plaintiff cannot pursue a remedy on her ADA claim that is not available under Rehabilitation Act. Thus, she is foreclosed from recovering damages for emotional distress on both claims proceeding to trial in this matter.[1]

For this reason, the Court GRANTS Defendant Motion in Limine to Exclude Emotional Distress Damages (ECF No. 62).

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 2nd day of November, 2022.

---

[1] To the extent that Plaintiff urges this Court to take the approach adopted in Doe v. Purdue Univ., No. 18-CV-89-JEM, 2022 WL 2828238 (N.D. Ind. July 20, 2022), the Court finds Doe distinguishable in that it involved a Title IX claim. Additionally, the Court notes that at least one other district court within the First Circuit has declined to follow Doe. See Doe v. City of Pawtucket, No. CV 17-365-JJM-LDA, 2022 WL 4551953, at *3 (D.R.I. Sept. 29, 2022) (citing at least two other district courts that likewise extended the holding of Cummings to Title IX claims).