UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CANDACE FALLER, | ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | )   Docket no. 2:21-cv-00063-GZS <br> ) |
| TWO BRIDGES REGIONAL JAIL, | ) <br> ) |
| Defendant. | ) <br> ) |

**ORDER ON MOTION IN LIMINE
RE: TESTIMONY OF ALICIA FALLER**

Before the Court is Plaintiff's Motion in Limine to Exclude Witness Not Timely Disclosed (ECF No. 63).  For reasons briefly explained herein, the Motion is GRANTED IN PART and DENIED IN PART.

First, invoking Federal Rule of Civil Procedure 37(c)(1), Plaintiff Candace Faller asks the Court to prevent Defendant from calling Alicia Faller as a witness at the upcoming trial.  Plaintiff asserts that Defendant did not include this witness in any initial disclosures or interrogatory responses.  Instead, Defendant first identified Alicia Faller, who is Plaintiff's daughter, as a potential witness in a final pretrial memorandum filed on September 28, 2022.  (See Def. Am. Final Pretrial Mem. (ECF No. 57), PageID # 1092.)  As Plaintiff correctly notes, this disclosure came well after the discovery deadline of February 1, 2022.  In response, Defendant indicates that it "intends to call Alicia Faller as a witness only if necessary to rebut trial testimony of Plaintiff Candace Faller," and, thus, was not required to make any disclosure during discovery.  (Def. Response (ECF No. 65), PageID # 1117.)

In general, a party is not obligated to disclose witnesses that are to be used "solely for impeachment" during discovery. Fed. R. Civ. P. 26(a)(1)(A)(i). Defendant has included in its response a proffer of how Alicia Faller could impeach Plaintiff's anticipated testimony. (Def. Response, PageID # 1119 n.2.) Based on that proffer, the Court is satisfied that Alicia Faller should not be categorically excluded from testifying at trial under Rule 37(c)(1).[1] Rather, the Court will allow Defendant to call Alicia Faller as a rebuttal witness. Plaintiff is free to renew her objection at trial to the extent Defendant attempts to elicit any testimony from this witness that goes beyond impeachment.[2]

Plaintiff also asks the Court to rule on the admissibility of Alicia's "written statement," which she represents Defendant disclosed on October 6, 2022. (Pl. Mot. (ECF No. 63), PageID 1107.) Plaintiff argues that this written statement should be excluded under Federal Rules of Evidence 802 and 403. Having reviewed the statement, the Court agrees.

The written statement in question consists of screenshots of an undated Facebook post by Candace Faller purporting to post a letter she received from Alicia Faller and the thread of comments that followed, which includes comments from Alicia Faller and another individual. (See Def. Ex. 1 (ECF No. 65-1), PageID #s 1121-31.) As presented, these out-of-court statements allegedly made by Alicia Faller are hearsay and unauthenticated.[3] Moreover, on the record

---

[1] To the extent that Defendant alternatively argues that the belated disclosure of Alicia Faller was harmless, the Court declines to make such a finding on the record presented.

[2] Additionally, Plaintiff is also free to seek leave to take a deposition of Alicia Faller prior to the commencement of trial.

[3] To the extent that Defendant mentions that it may seek to present this exhibit as party admissions of Candace Faller under F.R.E. 801(d)(2)(A), the Court declines to rule on the admissibility of these portions of the exhibit prior to trial and prior to Defendant proffering on how it will authenticate the exhibit and whether the exhibit was subject to disclosure during discovery under Fed. R. Civ. P. 26(a)(1)(A). See Def. Response, ECF No. 1117 n.1.

presented, the Court finds that the probative value of the entire exhibit is significantly outweighed by the risk of unfair prejudice and needless confusion of the issues.

Therefore, the Court GRANTS Plaintiff's Motion to the extent it seeks exclusion of the written statement of Alicia Faller that was filed with this Court as Defendant Exhibit 1 (ECF No. 65-1).  At trial, Defendant shall not mention or use this exhibit without first seeking to make a proffer on its admissibility outside the hearing of the jury.  To the extent that Plaintiff seeks the exclusion of Alicia Faller as a witness, the Court DENIES that request to the extent that it will allow Defendant to call Alicia Faller as a rebuttal witness to impeach any testimony offered by Plaintiff at the upcoming trial.

This pretrial ruling is made WITHOUT PREJUDICE to counsel renewing their objections or seeking further opportunities to proffer outside the presence of the jury.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 10th day of November, 2022.